Feb. Term,
1805.

## *The People* v. *Pierre C. Van Wyck.*

ON a motion by the Attorney-General for an attachment.

The ground of application, and objections to it, being contained in the decision, it is unnecessary to relate the argument by counsel.

*Per Curiam*, delivered by LIVINGSTON, J. In *November* last, a rule was obtained by the Attorney-General, calling on the defendant to show cause, on the first day of this term, why an attachment should not issue against him, for not appearing as a witness between *The People* and *Richard Riker*, after being regularly served with a *subpœna*. The defendant shows for cause, and by affidavit, without personally appearing in court, that " a ticket, which is annexed " to his affidavit, was served on him, but that no " *subpœna* was shown to him at the time, and further, " that there was an indictment pending in the *oyer* " and *terminer* against *Riker*, who was bound to ap- " pear in that court, and not at the term."

It is insisted that the defendant should have shown cause in person, and that the facts disclosed by his affidavit, if cause can be shown in that way, are not sufficient to prevent the rule for an attachment being made absolute.

In the case of *The People* v. *Freer, ante*, p. 300. cause was shown, as here, by affidavit, and although the court say, that " on such occasions the

"defendant ought to appear in person and answer," that point was not raised, and of course ought not to be regarded as settled.

Nor is it important to ascertain what is the mode in *England*. In a point of practice, and this is nothing more, we certainly may adopt a rule for ourselves, and alter it again, if it become inconvenient. We think it would produce great oppression, and unnecessary expense, to compel a party, who may be perfectly innocent, on a rule to show cause, to appear in person. Why bring a man from *Ontario* to *New-York*, to swear that he was sick, and, therefore, unable to attend on a *subpœna*, when that fact can be as easily communicated by his affidavit, properly taken? An attachment might almost as well go in the first instance. We, therefore, think the defendant's personal attendance was unnecessary.

The merits of his affidavit are next to be examined. It appears by the ticket left with him, that the name of the city in which the court was to be held is omitted.* The terms of this court, and the places of its meeting being regulated by a public act, we think the ticket good, notwithstanding this omission, especially too, as the defendant does not pretend ignorance on this head, and is a counsellor of this court. Neither is it important that the indictment, on the trial of which he was to testify, was found, and then pending in the *oyer* and *terminer*. The Attorney-General could have brought it into court, for trial, on the return-day of the *subpœna*, which would have been sufficient.

* *Bodwell* v. *Willcox*, *ante*, p. 367.

The greatest difficulty arises from the defendant's denial, that a *subpœna* was shown to him, at the time of leaving the ticket.   But as the officer who served it, swears positively to this fact, we think some further explanation necessary.   The defendant does not say, that a *subpœna* was at *no* time shown to him, nor that this was the only ticket he received.   It is probable the officer, on recollecting the mistake, may have returned, and shown it, or that he made an entire new service, or that something may have passed rendering the exhibition of a *subpœna* unnecessary. At any rate, we think this matter ought to be further inquired into, and that, therefore, the rule for an attachment be made absolute.